FILED

MAR 11 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TRUJILLO, | No. C 08-4933 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it. Although given an opportunity to do so, Petitioner has not filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1989, petitioner was sentenced to a term of sixteen years to life in state prison pursuant to his conviction for second-degree murder. This petition challenges the denial of parole by the California Board of Parole Hearings in 2007. Petitioner filed habeas petitions challenging this decision in all three levels of the California courts. After the state petitions were denied, petitioner filed the instant federal petition.

United States District Court
For the Northern District of California

## ANALYSIS

As grounds for federal habeas relief, petitioner asserts that the denial of parole violated his right to due process because it was based solely on the factors of his offense and therefore is not supported by some evidence that he currently poses a threat to public safety. The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, the petition for a writ of habeas corpus is without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims

//

//

amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 11, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.08\TRUJILLO4933.RUL.wpd

3